NOT DESIGNATED FOR PUBLICATION

No. 115,378

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL W. STILL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 14, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820 (g) and (h)


Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*:  Michael W. Still appeals the revocation of his probation and the imposition of a modified sentence of 71 months' imprisonment.  This court granted Still's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).  The State filed no response.


On September 27, 2012, Still pleaded guilty to aggravated battery, domestic battery, possession of marijuana with a prior conviction, possession of drug paraphernalia, and criminal damage to property. The district court imposed a sentence of 82 months' imprisonment and then granted a dispositional departure to 36 months' supervised probation with Community Corrections.


1

In February 2013, the State filed a motion to revoke probation because Still tested positive for alcohol and marijuana, failed to notify his probation officer of a change of address, failed to notify his probation officer of law enforcement contact, failed to report, and engaged in assaultive behavior. The district court revoked and reinstated Still's probation. In June 2013, the State filed a second motion to revoke probation because Still failed to report for four office visits with his intensive supervision officer. Once again, the district court revoked and reinstated Still's probation.

In August 2014, the State filed a third motion to revoke probation, alleging Still consumed alcohol and used marijuana while on probation. Still stipulated to violating probation. The district court revoked Still's probation and ordered him to serve a modified sentence of 71 months' imprisonment. Still appealed. In *State v. Still*, No. 112,928, 2015 WL 4588297 (Kan. App. 2015) (unpublished opinion), a panel of this court set aside the district court's order and remanded the matter for the district court to impose a 180-day sanction pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(D) or impose a prison sentence after making the necessary factual findings pursuant to K.S.A. 2015 Supp. 22-3716(c)(9). As reflected below, the district court made the appropriate findings pursuant to K.S.A. 2015 Supp. 22-3716(c)(9) to support imposing the modified sentence upon Still's third probation revocation hearing.

On remand, the district court found the safety of the public would be jeopardized if Still did not serve his sentence and Still's welfare would not be served by a 180-day sanction. Specifically, the district court found:

> "The finding, the safety of the members of the public would be jeopardized if he were placed back on the street. He has a long history of violence. His violence appears to be escalating from domestic battery, repeated domestic batteries to attempting to break into an ex-girlfriend's house, to stabbing individuals and puncturing their lungs by virtue of the fact they are attempting to break up a domestic battery. The defendant was given

2

three opportunities to indicate he would not continue to be a danger to society. He was unable to do that.

"As to the welfare of the defendant being served by the sanction, if I ordered a sanction he would not receive any treatment or programs in the Department of Corrections. He would be brought back to Community Corrections where he has not been able to deal with his drug and alcohol problems outside the Department of Corrections. Within the Department of Corrections he will not be allowed to use drugs and alcohol and hopefully will be able to deal with those problems during the period of his incarceration and will deal with the problem so that when he gets out he won't be using drugs and alcohol and assaulting members of a family, or involved in stabbing of individuals for no reason other than the fact the person was trying to protect someone."

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A district court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227-28.

A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Still stipulated to the probation violation. Accordingly, the district court's revocation of probation will only be overturned if the district court abused its discretion. However, Still neither asserts nor shows an abuse of discretion. An issue not briefed by

3

the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Still has abandoned this issue; therefore the district court's revocation of probation and imposition of a modified sentence is affirmed.

Affirmed.